IN THE SUPREME COURT OF THE STATE OF DELAWARE

DUSTIN Z. CREW, § 
 § No. 49, 2023
 Defendant Below, §
 Appellant, § Court Below–Superior Court
 § of the State of Delaware
 v. §
 § Cr. ID No. 2112006419 (K)
STATE OF DELAWARE, §
 §
 Appellee. §

Submitted: February 20, 2023
Decided: April 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Dustin Z. Crew, appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Crew's opening brief that his appeal is without merit. We agree and affirm.

(2) On March 2, 2022, Crew pleaded guilty to one count of third-degree burglary and was immediately sentenced in accordance with the plea agreement to three years of incarceration, suspended for one year of Level III probation followed by one year of Level III restitution-only probation. On April 6, 2022, Crew's

probation officer filed a VOP report alleging that Crew had violated the terms of his probation by failing to report to probation and failing to report police contact. Following a hearing on September 2, 2022, the Superior Court found Crew in violation of the terms of his probation and re-sentenced him to two years and ten months of incarceration, suspended for one year of Level III probation (GPS monitored) followed by one year of Level III restitution-only probation.

(3)     On September 14, 2022, Crew's probation officer filed a VOP report alleging that Crew had violated the terms of his probation by absconding from probation.  In January 2023, Crew's probation officer filed a supplemental VOP report claiming that Crew had also violated the terms of his probation because he had been arrested on new charges in South Carolina, had failed to report the new charges, left Delaware without obtaining permission to do so, and failed to report his change of address.  After a hearing on January 23, 2023, the Superior Court again found Crew in violation of the terms of his probation.  The Superior Court re-sentenced Crew to two years and ten months of incarceration, suspended after two years followed by one year of Level III restitution-only probation.  This appeal followed.

(4)     In his opening brief on appeal, Crew does not dispute that he violated the terms of his probation or challenge the legality of his VOP sentence.  Instead, Crew contends that the Superior Court failed to provide him with an appropriate

order from which he could appeal and that his VOP counsel was ineffective for failing to pursue an appeal on Crew's behalf. Crew's arguments are unavailing.

(5) Even if the Superior Court did not provide Crew with a copy of the VOP sentencing order as he suggests, he was present for the VOP hearing and filed a timely notice of appeal. Supreme Court Rule 26(l) provides that VOP counsel satisfies his continuing obligation if he advises his client, in writing, (i) of any right to appeal, (ii) whether he will continue to represent his client on appeal, and (iii) that, if the client wishes to pursue an appeal without representation, the client must file a notice of appeal within thirty days. With his notice of appeal, Crew submitted his VOP counsel's written statement advising Crew (i) of his right to appeal, (ii) that VOP counsel would not pursue an appeal on his behalf, and (iii) that he had thirty days to file a notice of appeal. In short, VOP counsel satisfied his responsibilities under Rule 26 and was not ineffective for advising Crew to file his own notice of appeal.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

3